NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRPS LLC, as successor in interest to GMAC Real Estate, LLC, | No. 20-15058 |
| | 20-15430 |
| Plaintiff-Appellant, | |
| | D.C. No. 3:18-cv-08249-ROS |
| v. | |
| | MEMORANDUM[*] |
| TENNEY REALTY SERVICES LLC, as successor in interest to R&D Dart Realty Services, Inc., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted March 4, 2021[**]
Phoenix, Arizona

Before: BEA and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

BRPS LLC, a judgment creditor, brought a state-law claim to seek satisfaction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

of the judgment against Tenney Realty Services LLC, which BRPS alleges is the successor corporation of the judgment debtor, R&D Dart Realty Services, Inc. The district court granted summary judgment to Tenney Realty on statute-of-limitations grounds. We review de novo, *Bradford v. Scherschligt*, 803 F.3d 382, 385–86 (9th Cir. 2015), and reverse.

The sole issue on appeal is whether BRPS's cause of action for "successor liability" is "an action brought on" a judgment under Arizona Revised Statutes ("ARS") § 12-1551(A). If it is, then the action is subject to a ten-year limitations period. *Specialty Cos. Grp. LLC v. Meritage Homes of Ariz. Inc*, 248 Ariz. 434, 440 (Ct. App. 2020). Otherwise, a four-year limitations period applies under the catch-all provision at ARS § 12-550. It is undisputed that the action accrued between four and ten years before BRPS filed suit, so the suit survives only if the longer limitations period applies.

1.     An "action brought on" a judgment refers to "the common law action on a judgment, which replace[s] the original judgment with a new judgment in the amount then owed." *Fidelity Nat'l Fin. Inc. v. Friedman*, 225 Ariz. 307, 311 (2010). Although the defendant in an action on a judgment is "generally" the original judgment debtor, *id.* at 310, "an action against a judgment debtor's successor-in-interest is an action on the judgment," *Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, 180 (Ct. App. 2004).

2

The allegations of the First Amended Complaint fit comfortably within this description. The allegations do no more than describe the original judgment, establish that Tenney Realty is the successor of R&D, and request judgment for the outstanding balance on the original judgment. These are the expected allegations for an action on a judgment brought against a successor. *Cf. Specialty Cos. Grp.*, 248 Ariz. at 440 (holding that the "nature" of a claim is that of an action on a judgment when the complaint (1) alleges it is an action on a prior judgment, (2) outlined the judgment's background, and (3) sought a new judgment for the outstanding balance). Although the claim is not styled as an action on a judgment, it is "the nature of [a] suit" that determines whether it is such an action. *Id.* at 440.

Tenney Realty's arguments to the contrary fail. First, it argues that actions on judgments may only be brought against the original judgment debtor, not a successor. But that argument is foreclosed by *Wood*'s clear holding otherwise. Tenney Realty alternatively suggests that actions on judgments may only be brought against a successor if it is an "actual purchaser" of the purported predecessor and it "impliedly or actually assumed the debts of its predecessor." The out-of-state precedent that Tenney Realty invokes, however, is unpersuasive in light of Arizona's more expansive doctrine. *See Warne Investments, Ltd. v. Higgins*, 219 Ariz. 186, 191 (Ct. App. 2008) (permitting successor liability to lie against a corporation constituting a "mere continuation" of a predecessor).

2.     Judicial estoppel does not prevent BRPS from arguing that its claim is an action on a judgment. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). It was not clearly inconsistent for BRPS to claim in the district court that "successor liability" is a standalone cause of action, and then argue on appeal that it pleaded an action on a judgment. Where a successor's liability stems from a pre-existing judgment, the claim merely seeks a new judgment against the successor for the prior judgment's outstanding balance. Such a claim is how BRPS characterized its action in the district court; and it describes an action on a judgment asserted against a successor.

\*     \*     \*

Because BRPS's claim is an action on a judgment, the district court's grant of summary judgment is **REVERSED**, and the judgment awarding attorneys' fees to Tenney Realty is **VACATED**.[1]

---

[1] BRPS asserts that ARS § 12-341.01, under which Tenney Realty was awarded fees, is inapplicable. Because we reverse the grant of summary judgment, we vacate the fees award without determining the applicability of § 12-341.01.

4